PER CURIAM.
The appellant Mary Louise Miori was indicted for murder in the second degree. She was tried and convicted of the lesser included offense of manslaughter, sentenced to confinement for ten years, and prosecuted this appeal claiming reversible error in two respects.
First, appellant contends that certain remarks made before the jury by counsel for the state were of an inflammatory nature *209 and that the court erred in failing to admonish counsel and in denying her motion for new trial because thereof. Second, it is contended the trial court erred in admitting her confession, over objection on the ground it was not freely and voluntarily made and was “obtained in violation of the appellant’s constitutional rights.”
We have considered those contentions of the appellant in the light of the record and briefs and find them to be without merit. No useful purpose would be served by reciting the sordid facts of the case leading up to and at the.«time of the homicide. Th^^sdmments at the trial which are complained of were consistent with the facts disclosed in the evidence. They consisted mainly of implying the homicide was wanton and the perpetrator depraved. The rendition of a verdict for the substantially lesser included offense of manslaughter shows that if the remarks were improper (and we do hold that they were), the error was harmless.
Appellant’s point regarding the confession is not supported by the record. Testimony relating to the facts she relies on in that connection was in conflict, and such that the findings and ruling of the trial judge thereon which led to admission of the confession were within his province and justified. The defendant testified at the trial and repeated substantially the matters stated in her confession made earlier. We do not consider that such testimony by her would serve to cure an error in the admission of her confession if otherwise inadmissible, nor do we consider repetition of such facts by her in her testimony as amounting to an admission of guilt of the offense charged (see White v. Pepersack, 4 Cir. 1965, 352 F.2d 470), but rather as an effort (apparently successful) to show absence of proof of all elements of the crime charged, and as presenting facts relied on in reduction of the offense or in mitigation. It should be noted however that the defendant in her testimony did not repudiate the confession
For the reasons stated, the judgment is affirmed.
Affirmed.